NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SALLY PERRIE,**

*Plaintiff-Appellant*

**v.**

**KENNETH ALLAN PERRIE,**

*Defendant-Appellee*

---

2017-1087

---

Appeal from the United States District Court for the Eastern District of California in No. 2:14-cv-01872-TLN-EFB, Judge Troy L. Nunley.

---

Decided: April 18, 2018

---

SALLY PERRIE, Nevada City, CA, pro se.

KENNETH ALLAN PERRIE, Las Vegas, NV, pro se.

---

Before REYNA, BRYSON, and STOLL, *Circuit Judges.*

PER CURIAM.

Sally Perrie appeals the district court's decision granting Kenneth Allan Perrie's motion to dismiss Ms. Perrie's

correction of inventorship claim for lack of standing. We affirm.

BACKGROUND

The following facts are undisputed or taken from Sally Perrie's amended complaint. The parties, Sally and Kenneth Perrie, were married in 1982. The couple formed a company aimed at adapting popular board games such as Yahtzee, Monopoly, and Battleship for use in electronic gaming machines used in the casino industry. Their work began in the mid-1980s and ended in 1992 before they separated in 1994. Mr. Perrie took primary control of the company shortly thereafter.

Prior to their separation, the Perries presented the games to Milton Bradley, the owner of the board games. In 1995, Mr. Perrie informed Ms. Perrie that an agreement had been reached with Milton Bradley for name rights, and with Mikohn, Inc. for distribution of the games. In the late 1990s, Mr. Perrie filed patent applications for the games, naming himself and his partner, Olaf Vancura, as the sole inventors. Ms. Perrie was not named as an inventor on the patent applications. The patents issued between 2001 and 2010.

In early 2007, the Perries formally filed for divorce. The following year, Ms. Perrie filed for Chapter 7 bankruptcy, which was discharged on December 3, 2008. Ms. Perrie's schedule of assets, filed as part of her bankruptcy case, listed her ownership interest in the company, but failed to list any interest in or pending causes of action for patent ownership or correction of inventorship. Ms. Perrie alleges that this is because she first became aware of the patents in 2010 after her bankruptcy discharged.

On August 8, 2014, Ms. Perrie filed a complaint against Mr. Perrie for equitable relief and damages. On June 19, 2015, the district court granted Mr. Perrie's

motion to dismiss with leave to amend. On July 9, 2015, Ms. Perrie filed an amended complaint in the district court, seeking, among other things, correction of inventorship of the patents under 35 U.S.C. § 256. The district court granted Mr. Perrie's motion to dismiss the amended complaint, holding that Ms. Perrie lacked standing to sue for correction of inventorship. *See Perrie v. Perrie*, No. 14-cv-01872-TLN-EFB, 2016 WL 1090577, at *3–5 (E.D. Cal. Mar. 21, 2016). Ms. Perrie appeals.

Ms. Perrie's amended complaint seeks correction of patent inventorship under § 256, and thus the district court had jurisdiction pursuant to 28 U.S.C. § 1338. We therefore have jurisdiction under 28 U.S.C. § 1295(a)(1). *See Banks v. Unisys Corp.*, 228 F.3d 1357, 1359 (Fed. Cir. 2000) ("The well-pleaded complaint . . . requested that the district court correct [inventorship] under 35 U.S.C. §§ 116 and 256. Therefore, we have jurisdiction because the district court's jurisdiction was based, in part, on 28 U.S.C. § 1338."); *see also MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1570 (Fed. Cir. 1989).

## DISCUSSION

We review the grant of a motion to dismiss for failure to state a claim under the law of the regional circuit. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1124 (Fed. Cir. 2018). The Ninth Circuit reviews the grant of a motion to dismiss de novo, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008). The Ninth Circuit's "review is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of judicial notice." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013) (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008)).

The question before us is whether the district court erred in concluding that Ms. Perrie, having filed for Chapter 7 bankruptcy, lacks standing to bring a cause of action seeking correction of inventorship under § 256. We hold that it did not.

Under federal bankruptcy law, the bankruptcy estate, not the debtor, is the real party in interest with standing to bring a cause of action. 11 U.S.C. § 323(b) ("The trustee in a case under this title has capacity to sue and be sued."); *see also Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004). This is so because "all legal or equitable interests of [a] debtor," including all causes of action, belong to the bankruptcy estate once bankruptcy proceedings have begun. 11 U.S.C. § 541(a)(1); *Turner*, 362 F.3d at 1226. Only a representative of the estate has standing to sue for causes of action that belong to the estate. 11 U.S.C. § 323; *In re Eisen*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994).

Section 521 of the bankruptcy code requires a debtor to list all assets and liabilities on a schedule, filed as part of the bankruptcy case. 11 U.S.C. § 521(a)(1)(B)(i). The debtor loses all rights in any interest held by the bankruptcy estate unless the interest is abandoned by the estate. 11 U.S.C. § 554(a)–(c). At the close of proceedings, i.e., when the bankruptcy is discharged, any interest that is neither abandoned by the estate nor administered in the bankruptcy proceeding still remains with the estate. *Id.* § 554(d).

Ms. Perrie alleges that she co-invented the patents with Mr. Perrie between the mid-1980s and 1994. There is no dispute that the alleged facts that give rise to Ms. Perrie's claim for correction of inventorship occurred prior to her bankruptcy. At the commencement of Ms. Perrie's bankruptcy, her legal interests and causes of action passed to the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1); *Turner*, 362 F.3d at 1225–26. As such, the

trustee, not Ms. Perrie, had standing to sue on her claims for correction of inventorship. Because that cause of action was not abandoned or administered by the estate, it remains the property of the estate. 11 U.S.C. § 554(d). Therefore, Ms. Perrie lacks standing.

Ms. Perrie argues that she lacked knowledge of the patents or her inventorship rights at the time of her bankruptcy proceedings and therefore did not list her claims with the bankruptcy estate. Ms. Perrie fails to cite any authority to support the argument that her lack of knowledge is relevant to whether she has standing to sue under the bankruptcy statutes. Nor do we find any. *See, e.g.*, *In re: Porrett*, 564 B.R. 57, 67 (D. Idaho 2016) ("Bankruptcy and appellate courts in and out of the Ninth Circuit agree that property of the bankruptcy estate includes accrued causes of action, *even if the debtors were unaware of the claims at the time they filed their bankruptcy petition*." (emphasis added)). We therefore affirm the district court's dismissal for lack of standing.

CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For the reasons above, we affirm the district court's dismissal of Ms. Perrie's amended complaint.

**AFFIRMED**

COSTS

No costs.