George C. **BRANT**, Plaintiff–Appellant,

v.

**CLEVELAND NATIONAL FOREST SERVICE; Regional Fiscal Officer, Michael D. Duffy; Ralph C. Cisco; Michael J. Rogers; United States Department of Agriculture—Forest Service; Office of Personnel Management—Civil Service Retirement System; Disbursing Officer, Jack Adams; Does 1 through 10, inclusive, Defendants–Appellees.**

No. 87–5972.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1988.

Decided April 6, 1988.

---

Janice S. Pohl and John Scott Loosen, Copeland, Kemp, Lugar & Pohl, San Diego, Cal., for plaintiff-appellant.

Maria A. Iizuka, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before HUG, ALARCON and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

The United States Forest Service charged Brant for the cost of suppressing a fire on his property. *See* Cal.Health & Safety Code § 13009(a) (West Supp.1988) (federal agency may collect debts for fire suppression "in the same manner as in the case of an obligation under a contract, expressed or implied"). After Brant refused to pay, the Forest Service resorted to an administrative offset against his federal pension. *See* 31 U.S.C. § 3716 (1982). Brant filed suit in district court, seeking declaratory and injunctive relief, judicial review of the administrative offset, and damages equal to the pension moneys withheld under the offset. The district court held for defendants, however, and Brant filed a notice of appeal to this court.

Brant's claim against the United States is essentially one for money: He seeks pension funds that he alleges were wrongfully withheld by the United States pursuant to Cal.Health & Safety Code § 13009(a). His claim thus falls under the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (1982), which covers claims against the United States founded upon "any Act of Congress, or any regulation of an executive department." Indeed, Brant pleaded the Little Tucker Act in his complaint as a basis for jurisdiction in the district court.

Because Brant's claim against the United States is for less than $10,000, he properly brought it in the district court, which has concurrent jurisdiction with the United States Claims Court over Tucker Act claims not exceeding $10,000. *See* 28 U.S.C. § 1346(a)(2). We have no jurisdiction over his appeal, however, because Congress established "exclusive Federal Circuit jurisdiction over *every appeal* from a Tucker Act or nontax Little Tucker Act claim." *United States v. Hohri*, 107 S.Ct. 2246, 2252 (1987) (emphasis original); *see* 28 U.S.C. § 1295(a)(2) (1982).

That Brant also seeks declaratory and injunctive relief on grounds other than the Little Tucker Act is of no moment. "[T]he Federal Circuit has exclusive jurisdiction of any appeal from a judgment of a district court based, in whole or in part, on 28 U.S.C. § 1346(a)(2). Presence of additional allegations ... does not divest [the Federal Circuit] of its constitutionally granted jurisdiction of the entire case."

**1224**

*Williams v. Secretary of the Navy,* 787 F.2d 552, 558 (Fed.Cir.1986) (emphasis omitted). Because bifurcation of cases on appeal "would result in an inefficient commitment of the limited resources of the federal courts," even the non-Tucker Act claims must be appealed to the Federal Circuit. *Hohri,* 107 S.Ct. at 2250 n. 3; *see also id.* at 2253 ("a mixed case, presenting both a nontax Little Tucker Act claim and an FTCA claim, may be appealed only to the Federal Circuit"). While the non-monetary relief sought here is merely incidental to recovery of damages, the Federal Circuit would have exclusive jurisdiction over the appeal even if the non-Tucker Act claims were completely independent. *Professional Managers' Ass'n v. United States,* 761 F.2d 740, 743 (D.C.Cir.1985) (transfer required where jurisdiction is based "primarily" on non-Tucker Act grounds).

We therefore transfer this appeal to the United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1631 (1982). The clerk shall transmit all materials lodged with this court to the clerk of that court.