253 F.3d 1173 (9th Cir. 2001)
 BEN R. BREED; BREEDAND HARVEL ASSOCIATES, PLAINTIFFS-COUNTER-DEFENDANTS-APPELLANTS,
v.
HUGHES AIRCRAFT COMPANY; HE-HOLDINGS INC., DEFENDANTS-COUNTER-CLAIMANTS-APPELLEES.
 No. 99-56130
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted May 8, 2001
Filed June 14, 2001
 
 [Copyrighted Material Omitted]
 Gerald L. Sauer, Sauer & Wagner Llp, Los Angeles, California, for the plaintiffs-counter-defendants-appellants.
 Stephen H. McClain, Kirkland & Ellis, Los Angeles, California, for the defendants-counter-claimants-appellees.
 Appeal from the United States District Court for the Central District of California Gary L. Taylor, District Judge, Presiding D.C. No. CV-97-00239-GLT
 Before: Frank J. Magill[1], M. Margaret McKeown and Raymond C. Fisher, Circuit Judges.
 
 McKEOWN, Circuit Judge
 
 1
 This case requires us to draw the line between the jurisdiction of our court and the jurisdiction of the Court of Appeals for the Federal Circuit. It also illustrates the relationship between pleading in the district court and federal appellate jurisdiction and serves as a reminder that pleading a patent claim in the complaint will, in all likelihood, put the case on the path to the Federal Circuit rather than the Ninth Circuit.
 
 
 2
 The underlying dispute stems from the breakdown in a long business relationship between Hughes Aircraft Company and Ben Breed, a physicist/inventor who performed consulting work for Hughes. After Hughes purportedly failed to honor an oral agreement regarding the development of certain technology, Breed sued, alleging multiple state law claims relating to breach of contract and misappropriation of trade secrets, as well as a single federal claim for correction of named inventor under the patent statute, 35 U.S.C. §§ 256. Federal court jurisdiction was premised on diversity, 28 U.S.C. §§ 1332, and on the district court's jurisdiction over a "civil action arising under any Act of Congress relating to patents," 28 U.S.C. §§ 1338(a). The district court granted summary judgment in favor of Hughes, and Breed appealed to this court. We do not reach the merits, however; because the district court's jurisdiction was based in part on §§ 1338, the Federal Circuit has exclusive jurisdiction over this case.
 
 BACKGROUND
 
 3
 Because our disposition rests on jurisdictional grounds, we summarize only briefly the factual background. Breed began his consulting work with Hughes in 1976. Breed claims that, in or around 1988, he entered into an oral agreement with Hughes regarding the development of certain magnetics technologies. The parties dispute what, if anything, was actually promised. Breed asserts that Hughes, through a senior staff engineer, promised that Breed and his consulting firm "would have a right of first refusal as to any magnetics work done at Hughes, and they would get as much of the magnetics technology work that was done at Hughes as they wanted."
 
 
 4
 To make a very long story short, Breed claims that Hughes, beginning in 1995, breached that agreement by failing to give him work after the Department of Defense's Advanced Research Projects Agency awarded Hughes a major contract involving magnetics. As part of his case, Breed alleges that he assigned four patents to Hughes in reliance on the oral agreement regarding magnetics work. In addition, he states that Hughes improperly omitted his name as an inventor on a fifth patent, No. 5,264,793, "Split Array Dipole Moment Detection and Localization" ("the '793 Patent").
 
 
 5
 Breed, along with his consulting firm, filed suit against Hughes in state court in Texas. Hughes then filed a complaint for declaratory relief in federal court in the Central District of California. The Texas action was removed to the United States District Court for the Western District of Texas, and then transferred to the Central District of California and consolidated with the declaratory judgment action filed by Hughes.
 
 
 6
 Breed's First Amended Complaint makes 14 separate claims arising out of the alleged oral agreement. All except one arise under California law. The exception, Claim Eleven, was for "Omission of Inventor" under 35 U.S.C.§§ 256.[2] In his complaint, Breed specifically "request[ed] that the [district] Court issue an order requiring the amendment of the '793 Patent to reflect that Breed is a co-inventor."
 
 
 7
 The district court granted summary judgment to Hughes on all claims. Specifically, the court found that the staff engineer lacked authority under California law to bind Hughes, and that the alleged oral agreement was too indefinite to be an enforceable contract. In discussing Claim Eleven, the omission of inventor claim, the district court stated,The Patent Act allows the parties and their assignees to apply to the Commissioner of the United States Patent and Trademark Office for a certificate correcting errors [relating to the omission of a name from a patent]. See 35 U.S.C. §§ 254. Hughes has provided Breed with Documentation to execute in order to have his name included on the '793 Patent . . . . Because the parties have already begun the process of including Breed's name as an inventor of the '793 Patent, a further order from this Court is not necessary.
 
 
 8
 Breed specifically appealed the dismissal of the co-inventor claim. Hughes states in its appellate brief that"Breed's name was inadvertently left off" the '793 Patent and that Hughes had sent Breed paperwork to remedy the omission, but Breed states in its own brief, "Presently, there has been no change in the standoff concerning this particular issue, and Dr. Breed ha[s] been deprived of his right to have the District Court issue an order compelling the correction of the '793 Patent."
 
 DISCUSSION
 
 9
 We must first address jurisdiction. Though neither party actually raised the issue on appeal, this court has an obligation to review, sua sponte, whether we have jurisdiction. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("[E]very federal appellate court has a special obligation to `satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it.") (quoting Mitchell v. Maurer, 293 U.S. 237, 244 (1934)); WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1134 (9th Cir. 1997). We, of course, have jurisdiction to determine our own jurisdiction. United States v. Reyes-Platero, 224 F.3d 1112, 1114 (9th Cir. 2000).
 
 
 10
 We do not doubt that the district court had subject matter jurisdiction over the case. As stated in Breed's First Amended Complaint, the court's jurisdiction was premised both on diversity of citizenship, 28 U.S.C. §§ 1332, and on the court's jurisdiction over a "civil action arising under any Act of Congress relating to patents," 28 U.S.C. §§ 1338(a). We do question, however, whether we have jurisdiction over the appeal, or whether this case should properly be heard by the Federal Circuit.
 
 
 11
 The Federal Circuit has "exclusive jurisdiction of an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title." 28 U.S.C. §§ 1295(a). Section 1338 confers jurisdiction on the district court in actions "arising under" the patent laws. The Supreme Court has explained that a case arises under the patent laws where "a well-pleaded complaint establishes . . . that federal patent law creates the cause of action." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988). The Federal Circuit itself has stated quite plainly that claims based on 35 U.S.C. §§ 256, such as that pled by Breed, arise under the patent laws. Banks v. Unisys Corp., 228 F.3d 1357, 1359 (Fed. Cir. 2000); MCV, Inc. v. King-Seeley Thermos Co., 870 F.2d 1568, 1570 (Fed. Cir. 1989) ("Is a suit in district court for determination of co-inventorship and correction of a patent under 35 U.S.C. §§ 256 . . . an action`arising under' the patent laws for purposes of 28 U.S.C. §§ 1338(a) so that we have jurisdiction under 28 U.S.C. §§ 1295(a)(1)? The answer is yes." (footnote omitted)). Thus, Breed's well-pleaded complaint, which stated a claim under 35 U.S.C. §§ 256, a "federal patent law creat[ing] the cause of action, " Christianson, 486 U.S. at 800, triggered the Federal Circuit's jurisdiction under 28 U.S.C. §§ 1295(a).
 
 
 12
 The fact that Breed's §§ 256 claim was only one of fourteen claims and that state-law issues predominated in the suit is not relevant to determining whether the Federal Circuit has exclusive jurisdiction over the appeal. The statute creating the Federal Circuit's jurisdiction clearly states that such jurisdiction is exclusive "if the jurisdiction of[the district] court was based in whole or in part" on section 1338. 28 U.S.C. §§ 1295(a)(1) (emphasis added). In interpreting 28 U.S.C. §§ 1295(a)(2), which confers exclusive jurisdiction on the Federal Circuit for certain non-patent actions, we noted that we lack jurisdiction over the entire case if the complaint consists of a mixture of claims, some of which are specifically covered by 28 U.S.C. §§ 1295, and some of which are not: " `Presence of additional allegations . . . does not divest[the Federal Circuit] of its constitutionally granted jurisdiction of the entire case.' " Brant v. Cleveland Nat'l Forest Serv., 843 F.2d 1222, 1223 (9th Cir. 1988) (quoting Williams v. Sec'y of the Navy, 787 F.2d 552, 558 (Fed. Cir. 1986)). In other words, the presence in the complaint of even a single claim arising under the patent laws -no matter how worthy or unworthy and no matter how significant to the litigation -operates as an "on switch" or automatic trigger for Federal Circuit jurisdiction.
 
 
 13
 Nor would it be relevant if, as Hughes claims in its brief on appeal, Breed "abandoned" his omission of inventor claim by not pursuing the claim in summary judgment proceedings before the district court.[3] The Federal Circuit's jurisdiction is not dependent on whether the patent claim is aggressively pursued or even appealed. Rather, all that matters is whether the well-pleaded complaint conferred jurisdiction on the district court "based, in whole or in part, on" 28 U.S.C. §§ 1338. 28 U.S.C. §§ 1295. To illustrate, in Abbott Labs. v. Brennan, 952 F.2d 1346 (Fed. Cir. 1991), the plaintiff filed suit in federal district court in Michigan stating patent and other claims. The appeal, however, did not raise any patent claims; only non-patent federal claims and state-law claims brought under pendent jurisdiction remained at issue. The Federal Circuit nonetheless concluded that it had exclusive jurisdiction over the appeal:
 
 
 14
 The path of appeal is determined by the basis of jurisdiction in the district court, and is not controlled by the district court's decision or the substance of the issues that are appealed. The reasons are pragmatic: to avoid creating fresh opportunities for forum shopping; to avoid bifurcation of issues and cases at trial and on appeal; to remove uncertainty and the abuses of procedural maneuvering; and, ultimately, to facilitate resolution of disputes. Thus, the direction of appeal to the Federal Circuit does not change during or after trial, even when the only issues remaining are not within our exclusive assignment . . . . The path of this appeal was established with the filing of the civil action to obtain a patent in accordance with 35 U.S.C. §§ 146 [regarding patent interference proceedings], and although the §§ 146 issue was not appealed, this appeal of the other issues was correctly taken to the Federal Circuit.
 
 
 15
 Id. at 1349-50 (citations omitted); accord Zenith Elecs. Corp. v. Exzec, Inc., 182 F.3d 1340, 1346 (Fed. Cir. 1999) (exclusive jurisdiction remains in Federal Circuit even where "patent claims and defenses . . . are no longer at issue in the case").
 
 
 16
 Courts have recognized an exception to this "wellpleaded complaint" rule. Where the plaintiff moves to voluntarily dismiss a non-patent claim early in the litigation, and the district court grants the motion without opposition, the Federal Circuit does not have jurisdiction over the appeal. See Denbicare U.S.A., Inc. v. Toys "R" Us, Inc. , 84 F.3d 1143, 1147-48 (9th Cir. 1996); Gronholz v. Sears, Roebuck and Co., 836 F.2d 515, 518-19 (Fed. Cir. 1987). The theory underlying this exception is that by moving to dismiss the non-patent claim, the plaintiff affirmatively amends his complaint in such a way that the well-pleaded complaint does not invoke the district court's jurisdiction under 28 U.S.C. §§ 1338. See Gronholz, 836 F.2d at 518.
 
 
 17
 The Denbicare/Gronholz exception does not apply to this case, however, for the simple reason that Breed never moved to dismiss his patent claim. In fact, in both his opening and reply briefs, Breed specifically argues that the court of appeals should reverse the district court's ruling declining to order that Breed's name be added to the '793 patent pursuant to §§ 256. See Br. of Appellant at 63-64; Reply Br. of Appellant at 29 ("The district court erred in not retaining jurisdiction over Dr. Breed's omission of inventor claim."; "At this time, Hughes has still not corrected the error, and it is apparent that it will not do so without the intervention of the District Court."). It was only after we raised the issue of jurisdiction that Breed switched course, describing the §§ 256 claim as "moot." It is simply not relevant whether Breed and Hughes have, subsequent to the filing of the complaint, come to an accommodation regarding the '793 patent; whether the claim is now "moot"; whether the claim was abandoned; or whether the claim was ever even appealed. The die directing the appeal to the Federal Circuit was cast by the filing of the amended complaint that invoked the district court's jurisdiction under §§ 1338.
 
 
 18
 We are not unmindful of the additional time and expense our decision will visit upon the parties, whose litigation has already followed a torturous route from state court in Texas to federal district court in Texas, to federal district court in California, and to the Ninth Circuit. Not surprisingly, at the outset of a case, the focus is generally not on the appeal but on the road immediately ahead in the district court. The pleading pitfall occasioned by the Federal Circuit's jurisdiction statute is surely a trap for the unwary and one which calls for particular care and a conscious decision with respect to patent claims while drafting a complaint.
 
 
 19
 Regrettably, questions of convenience or efficiency can play no role in our decision. Harsh as a transfer at this stage of the litigation may seem, we are constrained by statute and Supreme Court precedent. Jurisdiction is not a question of equity: "Courts created by statute can have no jurisdiction but such as the statute confers. No one of them can assert a just claim to jurisdiction exclusively conferred on another." Sheldon v. Sill, 49 U.S. (8 How.) 441, 449 (1850); see also Christianson, 486 U.S. at 818 (court lacking jurisdiction to hear a case may not reach the merits even if acting "in the interest of justice"); The Wellness Cmty. v. Wellness House, 70 F.3d 46, 50 (7th Cir. 1995) ("Parties are always put to some expense when they litigate in the wrong court and then suffer a jurisdictional dismissal, but this does not override the important principle that the federal courts are courts of limited jurisdiction.").
 
 CONCLUSION
 
 20
 We lack jurisdiction because the Court of Appeals for the Federal Circuit has exclusive jurisdiction. 28 U.S.C. §§ 1295(a). We therefore transfer the entire case to the Federal Circuit. 28 U.S.C. §§ 1631; Brant, 843 F.2d at 1224. The clerk shall transmit all materials lodged with this court to the clerk of that court.
 
 
 21
 TRANSFERRED.
 
 
 
 Notes:
 
 
 [1]
 Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 
 
 [2]
 Correction of named inventor
 Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Commissioner may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.
 The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Commissioner shall issue a certificate accordingly.
 35 U.S.C. §§ 256.
 
 
 [3]
 We make no determination whether Breed did in fact "abandon" this claim.