David PESNELL, Plaintiff—Appellant,

v.

UNITED STATES of America, et al., Defendants—Appellees.

No. 01–17152.

D.C. No. CV–00–0399–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2003.*

Decided April 29, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Appeal from the United States District Court for the District of Arizona, James C. Carruth, Magistrate, Presiding.

Before NOONAN, McKEOWN, and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Plaintiff–Appellant David C. Pesnell ("Pesnell") brought claims against the government under the Federal Tort Claims Act ("FTCA") for misrepresentation, unjust enrichment, constructive trust, conversion, and negligence. Pesnell also brought claims for wrongful search and seizure and violation of due process under the Fourth, Fifth and Fourteenth Amendments. Pesnell's final claim was brought under the Freedom of Information Act ("FOIA") for the return of documents. The district court properly dismissed all of Pesnell's claims.

The FTCA specifically exempts claims for misrepresentation from its waiver of sovereign immunity. *See F.D.I.C. v. Craft,* 157 F.3d 697, 707 (9th Cir.1998). Pesnell's misrepresentation claim was therefore properly dismissed.

The FTCA does not contain a waiver of sovereign immunity for equitable claims. *See Westbay Steel, Inc. v. United States,* 970 F.2d 648, 651 (9th Cir.1992). Pesnell's claims for unjust enrichment and for the imposition of a constructive trust were therefore appropriately dismissed for lack of jurisdiction. While the Administrative Procedures Act ("APA") does provide a waiver of the government's sovereign immunity for some equitable claims, *see Presbyterian Church v. United States,* 870 F.2d 518, 525 (9th Cir.1989), the APA does not provide an independent source of jurisdiction for these claims. *See Cornejo–Barreto v. Seifert,* 218 F.3d 1004, 1015 (9th Cir.2000). Pesnell has not established an independent basis of federal jurisdiction for his equitable claims.

Pesnell's conversion and negligence claims are barred by Pesnell's failure to exhaust his administrative remedies. The FTCA provides for presentation of a tort claim to the appropriate federal agency within two years of the claim's accrual, *see* 28 U.S.C. § 2401(b); *and* filing of an action within six months *after* notice of denial of the claim, *or* the passing of six months without a final disposition of the claim, *id.; see also* 28 U.S.C. § 2675(a). The administrative exhaustion requirements of 28 U.S.C. § 2675(a) are jurisdictional in nature and are interpreted strictly. *See Cadwalder v. United States,* 45 F.3d 297, 300 (9th Cir.1995). Pesnell filed his complaint in district court only two months after filing claims with the Department of the Interior and the Department of Defense. The district court therefore lacked jurisdiction to consider Pesnell's prematurely filed claims. *See McNeil v. United States,* 508 U.S. 106, 110–11, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

The FTCA does not include a waiver of sovereign immunity for constitutional

---

tort claims. *See Cato v. United States,* 70 F.3d 1103, 1111 (9th Cir.1995). While Pesnell could be permitted to amend his complaint to bring his constitutional claims against individual government agents pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), any such claims would be barred by the two-year statute of limitations applicable to *Bivens* actions in Arizona. *See Jackson v. Chandler,* 204 Ariz. 135, 61 P.3d 17, 19 (2003) (en banc).

Finally, the record reflects that the documents taken from Pesnell in 1988 were inadvertently destroyed and thus cannot be returned, and the documents taken in 1995 have been returned to Pesnell in their entirety. These circumstances render Pesnell's FOIA claim moot. *See Carter v. Veterans Admin.,* 780 F.2d 1479, 1481 (9th Cir.1986).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.