CLIFTON, Circuit Judge,
concurring in part and dissenting in part:
“Jurisdiction,” the Supreme Court has observed, “is a word of many, too many, meanings.” Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235, 1242, 163 L.Ed.2d 1097 (2006) (quoting Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Edüd 210 (1998)). The majority opinion concludes that a dismissal based on lack of “jurisdiction” does not trigger the Federal Tort Claims Act (FTCA) judgment bar under 28 U.S.C. § 2676. The simplicity of that approach is appealing, but I disagree with the logic behind it and conclude that it paints with too broad a brush. Perhaps more importantly, I believe that both in adopting that approach and in reaching its conclusion regarding the judgment bar, the majority opinion is inconsistent with our court’s precedent in Gasho v. United States, 39 F.3d 1420 (9th Cir.1994). Thus, I respectfully dissent, in part.
I.
I agree completely with the majority opinion in affirming the denial of Pesnell’s motion for recusal. I also agree with the conclusions reached by the majority opinion that (1) Pesnell’s current claims other than for misrepresentation are not barred by the previous litigation, and (2) we should not conclude, as defendants have argued, that the Bivens claims alleged by Pesnell against the individual federal agents are barred by the statute of limitations. Regarding the former, my reasoning diverges from that of the majority opinion and is explained in section IV below.
As for the limitations defense, it could be said that our court reached such a conclusion in Pesnell v. United States, 64 Fed.Appx. 73, 75 (9th Cir.2003) (Pesnell P), but that was applying Arizona’s statute of limitations. The current case has been filed in California, and as the majority opinion notes, ante at 1163, for a Bivens claim we look to the law of the forum state to determine the duration of the limitations period and the provisions for tolling. Papa v. United States, 281 F.3d 1004, 1009 (9th Cir.2002). That the limitations period had expired under Arizona law does not prevent Pesnell from trying to bring his claim under California law. Zhang v. Dep’t of Labor & Immigration, 331 F.3d 1117, 1118 (9th Cir.2003) (“A dismissal on statute of limitations grounds generally does not bar a subsequent action in a different forum when the limitations period in the second forum is longer than the first, and has not yet expired.”). To be sure, it seems unlikely to me that the result under California law will be any different than under Arizona law,[1] but the *1166 district court in the current action did not make that determination, and I agree that the facts are not sufficiently developed and clear for us to do so on appeal.
II.
The majority opinion holds that the judgment bar in 28 U.S.C. § 2676 applies only when the previous judgment was entered on the merits, not based on lack of jurisdiction. Since the earlier litigation brought by the same plaintiff on these same facts in the District of Arizona, cu-mulating in Pesnell I, ultimately resulted in dismissal of that lawsuit based on lack of jurisdiction, the majority concludes that the Pesnell I dismissal does not bar the current action.
In particular, the majority opinion reasons that an action dismissed because the court has concluded that sovereign immunity was not waived was “not properly brought in the first place and therefore the court had no ability to render a judgment on the merits.” Ante, at 1160. It then continues:
A lack of subject matter jurisdiction “goes to the very power of a court to hear a controversy; ... [the] earlier case can be accorded no weight either as precedent or as law of the case.” Orff v. United States, 358 F.3d 1137, 1149-50 (9th Cir.2004) (quoting United States v. Troup, 821 F.2d 194, 197 (3d Cir.1987)). Thus, the dismissal of the earlier case does not result in a “judgment” within the meaning of the judgment bar rule of § 2676. The court in the earlier case merely ruled that the action was not properly brought under the FTCA.
Id. at 1161 (alterations as presented in majority opinion).
The majority opinion appears premised on the proposition that a case dismissed for lack of subject matter jurisdiction, like Pesnell I, is a nullity that “can be accorded no weight” and that does not result in a “judgment” within the meaning of the judgment bar rule. Ante, at 1160-61. That reasoning rests on a significant misunderstanding of Orff v. United States, 358 F.3d 1137, 1149-50 (9th Cir.2004), aff'd on other grounds, 545 U.S. 596, 125 S.Ct. 2606, 162 L.Ed.2d 544 (2005) — the precedent relied upon by the majority and an opinion which I authored — and of the significance of dismissals for lack of jurisdiction.
On appeal in Orff was a decision by the district court that it lacked jurisdiction to entertain a lawsuit brought against the federal government because the action was barred by sovereign immunity. See 358 F.3d at 1141-4. We affirmed that decision. Id. at 1149. So did the Supreme Court. 545 U.S. 596, 125 S.Ct. 2606, 162 L.Ed.2d 544 (2005). Before reaching that conclusion, though, the district court had initially concluded that there was jurisdiction over the action, because it believed that sovereign immunity had been waived. See 358 F.3d at 1142. Before changing its mind on the sovereign immunity issue,[2] the district court made several decisions on the merits in the course of ruling on motions for summary judgment. See id. Some parties to the case, notably environmental groups which had intervened generally on the side of the federal government and in opposition to plaintiffs, wanted to preserve those rulings on the merits. See id. at 1150. We concluded that those rulings had to be vacated, however, in a section of our opinion titled “The District Court’s Rulings on the Merits Must Be Vacated.” Id. at 1149-50.
*1167 That’s where the quotation from Orff relied upon by the majority opinion in this case appeared. The substance of what we said in Orff was not that a decision resulting in dismissal for lack of jurisdiction should be accorded no weight. Rather, it was that decisions (a) by the district court and (b) on the merits (meaning subjects other than jurisdiction and sovereign immunity — subjects that should never have been reached by the district court because the court lacked proper jurisdiction over the case to reach those other issues) could not be given weight and had to be vacated.
We were not referring to our own decision. That’s why the language quoted from Trov/p said that the “earlier ease can be accorded no weight.” Id. (emphasis added). The “earlier” case was a reference to the decisions made by the district court, not our own court’s opinion.
And, more than once, we specifically identified the portions of the district court’s ruling that were affected by our decision: “Because the government never waived its immunity from suit, the district court never had jurisdiction to issue its rulings on the merits of the farmers’ ap-propriative water rights, trust, and surcharge claims.” Id. at 1149. “The district court’s rulings on the merits of the appro-priative water rights, trust, and surcharge claims shall not be binding in this or any other case.” Id. “Because the district court lacked jurisdiction to entertain those claims, we vacate the rulings previously made by the district court on the merits of those claims.” Id. at 1150.
As Orff explicitly articulated, the only decisions that were vacated — and the only portions that could not properly be recognized as either precedent or law of the case' — were the “rulings on the merits of the farmers’ appropriative water rights, trust, and surcharge claims” previously (or “earlier”) made by the district court. Notably missing from that list was the ruling that sovereign immunity had not been waived and thus that the court lacked jurisdiction over the claims. The decision to that effect entered by the district court was not vacated. Our opinion did not say that the jurisdictional ruling by the district court was not binding. Nor did our decision in Orff in any fashion hold or suggest that our own court’s ruling was not binding, even though the conclusion we reached was that sovereign immunity had not been waived and thus that jurisdiction was lacking.
The ruling as to sovereign immunity and jurisdiction was properly made, in turn, by the district court, by our court, and by the Supreme Court, under the fundamental proposition that a federal court always has jurisdiction to determine whether it has jurisdiction. Stoll v. Gottlieb, 305 U.S. 165, 171-72, 59 S.Ct. 134, 83 L.Ed. 104 (1938) (“There must be admitted, however, a power to interpret the language of the jurisdictional instrument and its application to an issue before the court.... [Absent fraud,] [a]fter a Federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of res judicata is made has not the power to inquire again into that jurisdictional fact.” (footnotes omitted)); see Special Investments, Inc. v. Aero Air, Inc., 360 F.3d 989, 992 (9th Cir.2004) (“We, of course, have jurisdiction to determine our own jurisdiction.” (citing United States v. Ruiz, 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002))); Breed v. Hughes Aircraft Co., 253 F.3d 1173, 1177 (9th Cir.2001). There is, therefore, no reason to disregard that ruling or to treat it as a nullity. It was properly made by a court with authority to make it.
The Orff decision itself demonstrates this important distinction. The majority opinion cites Orff in support of the proposition that a decision that the court lacks *1168 jurisdiction means that the lawsuit was a nullity that should not be recognized. Yet Orff itself was a decision which reached the conclusion that the court lacked jurisdiction. The fact that the court lacked jurisdiction to proceed with the case did not mean that the court could not consider the case to determine whether it had jurisdiction. Obviously, it could. And, the fact that the court in Orff reached the conclusion that sovereign immunity had not been waived and thus that the court lacked jurisdiction to entertain the action did not mean that every decision the court made up to that point — the analysis and findings that led to the conclusion that jurisdiction was lacking — was a nullity that should not be recognized thereafter as precedent or law of the case. If that were true, then the majority opinion could not properly cite and rely on Orff itself as precedent, and neither could other panels of our court. But Orff can and has been cited as precedent, and not just by the majority opinion here. See, e.g., Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir.2006), cert. denied, — U.S. -, 127 S.Ct. 1307, 167 L.Ed.2d 119 (2007). Similarly, the logic of the majority opinion would suggest that the Supreme Court’s decision in Orff v. United States, 545 U.S. 596, 125 S.Ct. 2606, 162 L.Ed.2d 544 (2005), was also a nullity and should not properly be recognized as precedent, either, since it also came to the conclusion that sovereign immunity had not been waived and thus that jurisdiction was lacking. But that’s not so.
What each of the Orff courts decided with regard to issues properly before them does count, as precedent and, where appropriate, as law of the case. Other rulings made by the district court when it improperly thought that it had jurisdiction were vacated, but the decision that sovereign immunity had not been waived remained in place.
III.
In Gasho, our court considered the appeals of two separate actions filed by the same plaintiffs. 39 F.3d at 1425. The first action was an FTCA action against the federal government for false arrest and false imprisonment, intentional infliction of emotional distress, and abuse of process. Id. at 1427. The district court granted the government summary judgment as to most of the claims and dismissed one for failure to state a claim. Id. The plaintiffs then filed a Bivens action against individual federal employees, specifically Customs agents, claiming violation of Fourth and Fifth Amendment rights. Id. at 1425, 1427. The district court dismissed the Bivens action based upon the first lawsuit and the § 2676 judgment bar. Gasho, 39 F.3d at 1427. Both dismissals were appealed, and our court considered the two appeals together. Id. at 1425.
Gasho was a complicated case. Our court affirmed the dismissals by the district court in part, but also reversed them in part, remanding some to the district court for further proceedings. Id. at 1439. The decision explained why different results were reached regarding the various claims alleged by the plaintiffs. What matters for purposes of our case is that Gasho affirmed the dismissal of some of the Bivens claims asserted against the Customs agents pursuant to the § 2676 judgment bar, based upon the prior dismissals of similar claims against the government on precisely the same ground that Pesnell I dismissed some of Pesnell’s claims against the federal government— that the court lacked jurisdiction over the particular claim because sovereign immunity had not been waived. In Gasho we applied § 2676 to bar the related claims against the individual federal agents, establishing a precedent which the majority opinion here disregards. It is the preclu- *1169 sive effect that our court in Gasho gave to two rulings in that case that require this conclusion.
The first ruling related to the district court’s grant of summary judgment in favor of the government on the claim by the Gasho plaintiffs for intentional infliction of emotional distress. 39 F.3d at 1432. The Gasho court reviewed each factual basis for this claim separately. Id. at 1432-36. On the part of the claim arising from the seizure of the plaintiffs’ aircraft, Gasho held that “[t]he actions of the Customs agents, the seizure and detention of the aircraft, are precisely the kinds of acts that Congress exempted from liability in § 2680(c).” Id. at 1433. The Gasho court then held that this determination precluded the effort of the plaintiffs to pursue a similar claim against the individual federal employees, because of the FTCA judgment bar. Id. at 1438.
The second ruling involved Gasho’s resolution of the plaintiffs’ abuse of process claim. The district court had dismissed this claim under Fed.R.Civ.P. 12(b)(6), ruling that the plaintiffs had failed to state a claim under Arizona tort law. Gasho, 39 F.3d at 1436. Instead of analyzing the relevant Arizona tort law, Gasho upheld the district court on the grounds that “[t]he tortious acts alleged by the Gashos involved detention of goods and merchandise by Customs and, therefore, the claim is barred under the FTCA’s exemption for Customs detentions contained in 28 U.S.C. § 2680(c).” Id. Gasho also gave this ruling preclusive effect, explicitly stating that the court “rejeet[s] the appellants’ argument that the dismissal of the abuse of process claim for failure to state a claim is not a ‘judgment’ on the merits under 28 U.S.C. § 2676. In any case, the claim is barred by the Customs exception of 28 U.S.C. § 2680(c).” Id. at 1438 n. 17 (citation omitted).
In both of these instances, the government prevailed because the court did not have subject matter jurisdiction absent a waiver of sovereign immunity. Yet even though these were “jurisdictional” victories, our court held in Gasho that they triggered the FTCA judgment bar, such that the plaintiffs’ similar claims against the individual employees were precluded and had to be dismissed.
Pesnell I’s holding as to the misrepresentation claim is indistinguishable. Pes-nell I rejected the misrepresentation claim brought by Pesnell against the government because 28 U.S.C. § 2680(h) specifically carves out misrepresentation from the FTCA’s waiver of sovereign immunity. See 64 Fed.Appx. at 74 (stating that “[t]he FTCA specifically exempts claims for misrepresentation from its waiver of sovereign immunity” and citing FDIC v. Craft, 157 F.3d 697, 707 (9th Cir.1998)). Just as Gasho read § 2676 as barring any additional actions against individual federal agents arising from the seizure of the Gas-hos’ plane, because § 2680(c)’s exemption for Customs detentions foreclosed any liability for this seizure, so too must Pesnell 7’s ruling on § 2680(h) give rise to application of the judgment bar against any further litigation targeting the individual agents as defendants based on the agents’ alleged misrepresentations.
The majority opinion attempts to distinguish Gasho this way: “In Gasho, the court had to make a factual determination on the nature of the tort of unlawful seizure involved. That was a merits determination of the nature of the tort necessary before there could be an exclusion of the claim for lack of jurisdiction.” Ante, at 1162. With respect, I don’t know what makes that a meaningful distinction. Gasho’s so-called “merits determination” was a ruling that the court had no jurisdiction because Congress had not waived sov *1170 ereign immunity. That was exactly the same ruling made to dismiss Pesnell’s misrepresentation claim against the federal government.
Gasho was not a case where the plaintiff simply failed to succeed on the merits (for instance, by failing to prove an element of the alleged tort) of a claim for which there was a waiver of sovereign immunity and thus jurisdiction, as the court’s handling of the abuse of process claim demonstrates. See 39 F.3d at 1436. Instead, Gasho was a case where the court could not entertain the claim at all, since sovereign immunity deprived it of jurisdiction. Why should the length of discussion or the amount of analysis required before the court concludes that there is no jurisdiction matter to whether the judgment bar applies? The majority opinion does not explain.[3] There is nothing in Gasho that invites such a distinction. If the proffered distinction is meant to serve § 2676’s goal of conserving governmental resources, see Gasho, 39 F.3d at 1437, then the majority’s line drawing is an arbitrary exercise completely unmoored from both the text of the statute — text which is actually the best reflection of Congress’s policy election'— and our case law.
Gasho cannot properly be read as standing for less than the proposition dictated by its facts: an adverse ruling resulting from an explicit exception to the FTCA’s waiver of sovereign immunity is a judgment for purposes of § 2676, so that the statute bars similar litigation against the individual employees.
The government can rely on general preclusion principles (whether called issue or claim preclusion, collateral estoppel or res judicata) as much as any other litigant, so the statutory bar set forth in § 2676 presumably reaches further or adds something more. See Will v. Hallock, 546 U.S. 345, 126 S.Ct. 952, 960, 163 L.Ed.2d 836 (2006) (describing § 2676 as closer to res judicata than immunity and as functioning “in much the same way” as res judicata, but also observing that “the statutory judgment bar is arguably broader than traditional res judicata”). Gasho decided that certain dismissals for lack of “subject matter jurisdiction” based on sovereign immunity trigger the judgment bar under § 2676. The refusal of the majority opinion to follow that precedent is unjustified.
IV.
I agree with the majority that the judgment bar does not completely prevent Pes-nell from bringing his current RICO claims, but bars those claims only to the extent that they are predicated on certain other acts. In particular, Gasho does not require that the judgment bar be applied to Pesnell I’s dismissals of his conversion and negligence claims. These were also dismissed due to a lack of jurisdiction, but as I noted at the outset, “[jjurisdiction ... is a word of many, too many, meanings.” *1171 Arbaugh, 126 S.Ct. at 1242 (internal quotations marks omitted).
Not all dismissals for lack of jurisdiction should be treated alike. With regard to Pesnell’s claims for conversion and negligence, the absence of jurisdiction stemmed from a failure to exhaust, a defect that could be cured. 64 Fed.Appx. at 74. The failure to exhaust was not a permanent problem, such as the absolute non-existence of a waiver of sovereign immunity. Instead it merely reflected a failure to conform to the conditions placed on an existent waiver of sovereign immunity. Although these dismissals and the one relating to misrepresentation all fall under the broad heading of “dismissals for lack of jurisdiction,” there is a difference between them that is material. When Congress explicitly carves out an exception to its waiver of sovereign immunity, it is flatly rejecting liability. When Congress waives sovereign immunity but imposes exhaustion requirements, it is accepting liability and channeling the claims in a specific way. It is logical to hold that rulings falling into the first category constitute judgments for § 2676, while rulings in the second category do not. That would permit the judgment bar to serve the two purposes our case law has enunciated, preventing dual recoveries and duplicate lawsuits, Gasho, 39 F.3d at 1437; Kreines v. United States, 959 F.2d 834, 838 (9th Cir.1992). At the same time it would keep § 2676 from being unduly harsh to plaintiffs bringing claims for harms that Congress has agreed, in principle, are cognizable. That is, therefore, the distinction I would draw.
I would also exempt from the operation of § 2676 those claims denied in Pesnell I because the FTCA was silent on the claim and no other waiver of sovereign immunity was adduced, not because the FTCA contained a specific waiver exception. The judgment bar relates only to a “judgment in an action under section 1346(b) of this title,” 28 U.S.C. § 2676, and these claims did not constitute actions under 28 U.S.C. § 1346(b). Indeed, the claims did not fall under any statute. See Pesnell I, 64 Fed.Appx. at 74-75 (holding that Pesnell’s equitable claims cannot fit under the Administrative Procedure Act’s waiver and he had “not established an independent basis of federal jurisdiction,” as well as noting that the FTCA did not contain a waiver for constitutional claims). That is why the claims to that effect filed against the government failed. But the text of § 2676 does not cover these other legal theories, outside § 1346(b), and thus I would not apply the judgment bar to the similar claims filed against the individual agents.
Gasho requires us to interpret § 2676 as barring those portions of Pesnell’s RICO claims that are predicated on the same alleged misrepresentations which were the subject of Pesnell I. The district court’s flat dismissal of the entirety of Pesnell’s current lawsuit under the FTCA judgment bar was incorrect, however, since the bar does not extend any further than the misrepresentation claims.
V.
In the end, my disagreement with the majority opinion has only a limited effect on the outcome of this particular appeal. I believe that Pesnell’s current claims based on misrepresentation are precluded by the § 2676 judgment bar. For various reasons his other claims survive, at least theoretically. But the gap in reasoning is wide and significant. By treating a decision to dismiss based on lack of jurisdiction as a nullity that may be disregarded because it is a decision that “can be accorded no weight either as precedent or as law of the case,” ante at 1161, the majority opinion conflicts with our precedent in Gasho and improperly denigrates the precedential value of untold numbers of prior decisions *1172 based on similar grounds. I respectfully dissent.

. The statutory period in California is no longer than the two-year period applied in Pesnell I from Arizona law, and California has a borrowing statute for statute of limitations purposes that could cause even a court in California to look to Arizona law. See Cal. Civ. Proc. § 361 (West 2006).

. The district court changed its conclusion with regard to sovereign immunity and jurisdiction based on another decision our court issued in the meantime, Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206 (9th Cir.1999). See Orff, 358 F.3d at 1142.

. The majority suggests that there might be an inherent structural difference between § 2680(c) and § 2680(h), ante, at 1162-63, but no such categorical distinction exists. Some cases, even if ultimately dismissed under § 2680(h), still require a court to make a determination to reach such a dismissal. See United States v. Fowler, 913 F.2d 1382, 1387-88 (9th Cir.1990) (dismissing a counterclaim that alleged negligence, which would ordinarily be cognizable under the FTCA, on the basis that it was really an attempt to recover for misrepresentation). The majority's distinction is not one dividing § 2680(c) from § 2680(h), but one that turns on how artfully, or ineptly, an action was plead. As explained in the text, there is no reason to condition § 2676’s applicability on whether the plaintiff's first suit craftily pleaded an exempt claim under some other guise, or, as in Pes-nell I, basically wrote one of the FTCA’s exemptions directly into the complaint.