**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DAVID PESNELL,
　　　　　*Plaintiff-Appellant,*

　　　　　v.

JEFFREY ARSENAULT, a natural
person acting under color of
federal law; JANET R. LINTZ, a
natural person acting under color
of federal law; THOMAS P.
GALLAGHER, a natural person
acting under the color of federal
law; DOUGLAS J. MORGAN, a
natural person acting under color
of federal law,
　　　　　*Defendants-Appellees.*

No. 04-56721

D.C. No.
CV-03-07533-ABC

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted October 16, 2006*
Pasadena, California

Filed July 1, 2008
Amended September 15, 2008

Before: Procter Hug, Jr., Harry Pregerson, and
Richard R. Clifton, Circuit Judges.

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

12759

Opinion by Judge Hug;
Concurrence by Judge Clifton

## COUNSEL

Ronald J. Tocchini and Jason M. Sherman, Tocchini & Associates PC, Roseville, California, for the plaintiff-appellant.

Robert I. Lester and Sharla Cerra, Assistant United States Attorneys, Los Angeles, California, for the defendants-appellees.

## ORDER

The Opinion filed on July 1, 2008, and appearing at 531 F.3d 993 (9th Cir. 2008), is amended as follows: At 531 F.3d at 996, after the first sentence of the last paragraph, insert the following as a footnote: "As noted below and in the concurring opinion, Pesnell's claims, including his constitutional claims, are barred to the extent that they rest upon the same misrepresentations alleged in the dismissed Arizona action."

With this amendment, the panel has voted to deny the petition for rehearing and the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED. No further petitions shall be entertained.

## OPINION

HUG, Circuit Judge:

This case involves an action brought by Pesnell in California for claims of federal constitutional violations and for claims of violations of the federal and state civil Racketeer Influenced and Corrupt Organizations Act ("RICO"). The principal issue in this case is whether these claims against employees of the government are barred by a judgment in an action brought by Pesnell in Arizona against the federal government under the Federal Tort Claims Act ("FTCA").

## I.

### Background

Pesnell long contended that he owned two million acres of land in California. His claim to title depended upon records dating back to the Mexican-American War. In 1998, the United States brought a quiet title action against Pesnell and others. In 1999, the district court entered judgment for the United States. That ruling extinguished Pesnell's claims to title of the real property. *United States v. Sierra Alpine*, CV 98-585-ABC (C.D. Cal. 1999).

In 2000, Pesnell brought an action against the United States and several federal agencies in the federal district court in Arizona. *Pesnell v. United States*, CV 00-0399-JCC (D. Ariz. 2000). In that action, Pesnell brought claims pursuant to the FTCA, 28 U.S.C. § 1346(b)(1).[1] Pesnell's claims arose from

---

[1]That case also involved a claim under the Freedom of Information Act. The district court dismissed that claim as moot, and it is not involved in this appeal.

two incidents. The first incident involved research allegedly costing $150,000. Pesnell conducted considerable research to establish his claim to title to the two million acres. Pesnell loaned this research to federal agents in 1988. The agents promised to return the research, but never did. Pesnell, therefore, had to reconstruct the research. The second incident involved his reconstructed research, allegedly costing $200,000. Federal agents took this research in 1995. The federal district court dismissed all the claims, and this court affirmed in April 2003. *Pesnell v. United States*, 64 F. App'x 73 (9th Cir. 2003).

Pesnell filed the current federal action in September 2003 in the Central District of California against four government employees. Pesnell's first amended complaint alleges four causes of action. The first is a federal civil RICO claim, for violation of 18 U.S.C. § 1962(c); the second is a state civil RICO claim, for violation of Arizona Revised Statute section 13-2314.04(A); the third is a *Bivens*[2] constitutional claim, for violation of Pesnell's Fourth Amendment right by the defendants based on an unlawful search and seizure of Pesnell's person and property; and the fourth is a *Bivens* claim under the Fifth Amendment, for the defendants having taken and kept his property without due process of law.

The district court granted the government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on the FTCA's judgment bar rule set forth in 28 U.S.C. § 2676. Pesnell appeals, contending that the judgment bar rule does not apply to this case.

---

[2]*See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

## II.

## Judgment Bar Rule

**[1]** The judgment bar rule of the FTCA provides:

> The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

28 U.S.C. § 2676.

Pesnell, in his action in Arizona against the United States Government, brought five FTCA counts alleging unjust enrichment, constructive trust, conversion, negligence, and misrepresentation. He also brought claims for wrongful search and seizure and violation of his due process rights under the Fourth, Fifth, and Fourteenth Amendments. The five FTCA counts were dismissed for lack of jurisdiction, which we affirmed on appeal. *Pesnell v. United States*, 64 F. App'x 73, 74 (9th Cir. 2003). In *Pesnell I*, we stated:

> The FTCA does not include a waiver of sovereign immunity for constitutional tort claims. *See Cato v. United States*, 70 F.3d 1103, 1111 (9th Cir. 1995). While Pesnell could be permitted to amend his complaint to bring his constitutional claims against individual government agents pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), any such claims would be barred by the two-year statute of limitations applicable to *Bivens* actions in Arizona. *See Jackson v. Chandler*, 204 Ariz. 135, 61 P.3d 17, 19 (2003) (en banc).

*Id.* at 74-75; *see also* 28 U.S.C. § 2679(b)(2) (which provides that the exclusiveness of the FTCA remedy does not apply to constitutional claims against an employee of the government).

**[2]** In *Cato v. United States*, we quoted the Supreme Court's decision in *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), stating "[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." 70 F.3d at 1111. The Supreme Court in *Meyer* also noted that Meyer's constitutional tort claim was not cognizable under § 1346(b) and was properly brought under § 2679(a). *Meyer*, 510 U.S. at 478.

**[3]** Thus the constitutional claims are not foreclosed by the statutory bar of § 2676 because those claims could not have been brought under § 1346(b).[3] As we point out in Section III, these claims that were brought in California are also not barred by the Arizona statute of limitations.

**[4]** The RICO claims were not brought in the FTCA action, nor could they have been. To bring an action under 28 U.S.C. § 1346, the wrongful act must be committed "while acting within the scope of his office or employment." Under the federal and state RICO statutes, the prohibited conduct involves an employee engaged in a pattern of racketeering activity. *See* 18 U.S.C. § 1962 and Ariz. Rev. Stat. 13-2314.04. An employee engaged in a pattern of racketeering activity, as required by the RICO counts, could not be doing so within the scope of his employment by the federal or state governments. Thus, the claims could not have been brought as an action under § 2646(b), as required by the judgment bar statute, 28 U.S.C. § 2676.

**[5]** Although Pesnell did not bring a RICO claim in his

---

[3]As noted below and in the concurring opinion, Pesnell's claims, including his constitutional claims, are barred to the extent that they rest upon the same misrepresentations alleged in the dismissed Arizona action.

FTCA action, he did bring a claim for misrepresentation, which was dismissed as part of the judgment against Pesnell in the FTCA action. The *Bivens* action in California against the federal employees for state and federal RICO violations was based in part upon alleged misrepresentations by the federal employees. The judgment bar of § 2676 applies to "any action by the claimant, by reason of the *same subject matter*, against the employee of the government whose act or omission gave rise to the claim" (emphasis added). In this case, Pesnell did not bring a claim for misrepresentation in the California action, but his RICO claims were based in part on the alleged misrepresentations of the federal employees, the same subject matter involved in the FTCA judgment. Thus, the aspect of the RICO claims based on the same alleged employees' misrepresentations is foreclosed by the judgment bar rule. Pesnell is free to pursue his RICO claims only to the extent that he can do so without reliance on the same allegations of misrepresentation.

The concurring opinion analyzes in greater detail the application of the judgment bar rule to this case, including the application of our authority in *Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994). We agree with the concurring opinion. Because the California district court dismissed all of Pesnell's claims on the basis of the judgment bar rule, it did not discuss the adequacy of the pleadings for the constitutional claims or the federal and state RICO claims. These matters should be appropriately addressed on remand. This would include a recognition that the portion of the RICO claims predicated on the same alleged misrepresentation that were the subject of *Pesnell I* would be barred.

## III.

### Timeliness of the *Bivens* Claims

[6] Because the California district court dismissed Pesnell's claims on the basis of the judgment bar, it also did not deter-

mine when the California statute of limitations period accrued nor did it determine the applicability of equitable tolling or equitable estoppel. Either of those doctrines may extend the time for filing under the statute of limitations and involve determination of factual matters. For this reason, such determination is not ordinarily amenable to resolution under Rule 12(b)(6). "In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

We conclude that this court's opinion in the Arizona action did not resolve the issue of timeliness. After concluding that all of the FTCA claims were dismissed for lack of jurisdiction the opinion in the Arizona action stated:

> While Pesnell could be permitted to amend his complaint to bring his constitutional claims against individual government agents pursuant to *Bivens v. Six Unknown Named Agents*, . . . any such claims would be barred by the two-year statute of limitations applicable to *Bivens* actions in Arizona.

64 F. App'x at 75 (citations omitted).

[7] The most significant aspect of this statement is that it pertains to *Bivens* claims that would be barred by the statute of limitations "in *Arizona*." This *Bivens* action is brought in the State of California. "Although federal law determines when a *Bivens* claim accrues, the law of the forum state determines the statute of limitations for such a claim. In California, the statute of limitations could be either one or two years.[4]

_____

[4]On January 1, 2003, California's statute of limitations applicable to § 1983 actions changed from one-year to two-years. Cal. Civ. Proc. Code § 335.1. The statute is not retroactive. *See Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004) (holding that under California law, the exten-

Tolling provisions for *Bivens* claims are also borrowed from the forum state." *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002). The issue for the California district court on remand is whether the California statute of limitations bars the claims. The issue of timeliness must be resolved on remand applying California law.

## IV.

## Motion for Recusal

In this case, Pesnell filed a Motion for Recusal alleging that Judge Collins displayed partiality because: (1) she would be a key witness regarding misrepresentations allegedly made by Assistant U.S. Attorney Donna Ford during the *Sierra Alpine* case; (2) Judge Collins's clerk, acting at Judge Collins's direction, instructed Pesnell to leave the courtroom "without apparent cause"; (3) Judge Collins issued Pesnell an order to show cause as to why his actions should not be dismissed for lack of prosecution; and (4) Judge Collins allegedly knew facts of *Sierra Alpine* from *United States v. Emerald Financial*, a case she presided over earlier.

[8] The denial of a recusal motion is reviewed for abuse of discretion. *Jorgensen v. Cassiday*, 320 F.3d 906, 911 (9th Cir. 2003). Under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, . . . [he] shall proceed no further . . . ." Under 28 U.S.C. § 455(a), "[a]ny . . .

---

sion of the personal injury statute of limitations will not apply to claims already time-barred). *But see* Cal. Civ. Proc. Code § 335.1, statutory notes (c) & (d) (indicating that claims not already barred on September 10, 2002 would benefit from the extended statute of limitations). Which statute of limitations applies in Pesnell's case is left for the district court to determine on remand, as is the question of whether the statute of limitations for Pesnell's claim is extended by the application of equitable tolling or equitable estoppel.

judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under both recusal statutes, the substantive standard is " '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).

**[9]** In *Liteky v. United States*, 510 U.S. 540 (1994), the Supreme Court held that the alleged bias must usually stem from an extrajudicial source. *Id.* at 554-56. The Court held that:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source . . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.* at 555 (internal citations omitted). However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. *Id.* at 555-56.

**[10]** Judge Snyder, who presided over the recusal hearing, denied Pesnell's motion for recusal finding that "plaintiff does not argue that the presiding judge should be disqualified based upon any bias developed outside a judicial proceeding" and thus did not meet the *Liteky* standard. Additionally, Judge Snyder found that Pesnell failed to "demonstrate any such 'deep-seated favoritism that would make fair judgment impossible.' " Moreover, Judge Snyder found the contention that Judge Collins is "likely to be a material witness in the proceeding" under 28 U.S.C. § 455(b)(5)(iv) to be without merit because there is no showing that she would be required to be a witness as to any material fact in the action. The district court did not abuse its discretion in denying the recusal motion.

## V.

## Conclusion

The district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) is reversed and remanded for further proceedings. The denial of the motion for recusal of the district judge is affirmed. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.

_____

CLIFTON, Circuit Judge, concurring:

I concur in the majority opinion. I add these comments to explain more fully why a portion of Plaintiff David Pesnell's current claim is foreclosed by the judgment bar under 28 U.S.C. § 2676, as my colleagues agree (*see* majority opinion, at 12767), and how our decision follows consistently from our

decision in *Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994).

Pesnell's first action, brought in the District of Arizona against the federal government, included a claim for misrepresentation. That claim, like the others, was dismissed for lack of jurisdiction, the court concluding that the federal government had not waived sovereign immunity. Our court affirmed that dismissal. *Pesnell v. United States*, 64 Fed. Appx. 73 (9th Cir. 2003).

Pesnell's current lawsuit does not include a separate cause of action for misrepresentation as such, but it repeats the misrepresentation allegations as part of claims under the federal RICO statute and its Arizona state counterpart. The First Amended Complaint explicitly identifies those same misrepresentations as being among the alleged predicate acts required to establish a pattern of racketeering activity under the RICO statute.

To the extent that Pesnell's current action states claims against the federal agents based upon the same misrepresentations alleged in the first lawsuit, those claims are barred by 28 U.S.C. § 2676. That statute provides: "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." The statute does not limit the bar to identical legal theories or causes of action. As a result, since judgment was entered against Pesnell on his misrepresentation claim in the first action, he is permitted to pursue RICO claims in the current action only to the extent he can do so based on factual allegations separate from the misrepresentations complained about in the first lawsuit.

This result is consistent with our decision in *Gasho*, a complicated case in which our court considered the appeals of two

separate actions filed by the same plaintiffs. 39 F.3d at 1425. The first action was an FTCA action against the federal government for false arrest and false imprisonment, intentional infliction of emotional distress, and abuse of process. *Id.* at 1427. The district court granted the government summary judgment as to most of the claims and dismissed one for failure to state a claim. *Id.* The plaintiffs then filed a *Bivens* action against individual federal employees, specifically Customs agents, claiming violation of Fourth and Fifth Amendment rights. *Id.* at 1425, 1427. The district court dismissed the *Bivens* action based upon the first lawsuit and the § 2676 judgment bar. *Gasho*, 39 F.3d at 1427. Both dismissals were appealed, and our court considered the two appeals together. *Id.* at 1425.

We affirmed the dismissals by the district court in part, but also reversed them in part, remanding some claims for further proceedings. *Id.* at 1439. *Gasho* affirmed the dismissal of some of the *Bivens* claims asserted against the Customs agents pursuant to the § 2676 judgment bar, based upon the prior dismissals of similar claims against the government on the same ground that *Pesnell I* dismissed some of Pesnell's claims against the government — that the court lacked jurisdiction over the particular claim because sovereign immunity had not been waived. In *Gasho* we applied § 2676 to bar related claims against the individual federal agents, in two separate rulings.

The first ruling related to the district court's grant of summary judgment in favor of the government on the claim by the *Gasho* plaintiffs for intentional infliction of emotional distress. 39 F.3d at 1432. The *Gasho* court reviewed each factual basis for this claim separately. *Id.* at 1432-36. On the part of the claim arising from the seizure of the plaintiffs' aircraft, *Gasho* held that "[t]he actions of the Customs agents, the seizure and detention of the aircraft, are precisely the kinds of acts that Congress exempted from liability in § 2680(c)." *Id.* at 1433. The *Gasho* court then held that this determination

precluded the effort of the plaintiffs to pursue a similar claim against the individual federal employees, because of the FTCA judgment bar. *Id.* at 1438.

The second ruling involved *Gasho*'s resolution of the plaintiffs' abuse of process claim. The district court had dismissed this claim under Fed. R. Civ. P. Rule 12(b)(6), ruling that the plaintiffs had failed to state a claim under Arizona tort law. *Gasho*, 39 F.3d at 1436. Instead of analyzing the relevant Arizona tort law, *Gasho* upheld the district court on the grounds that "[t]he tortious acts alleged by the Gashos involved detention of goods and merchandise by Customs and, therefore, the claim is barred under the FTCA's exemption for Customs detentions contained in 28 U.S.C. § 2680(c)." *Id. Gasho* also gave this ruling preclusive effect, explicitly stating that the court "reject[s] the appellants' argument that the dismissal of the abuse of process claim for failure to state a claim is not a 'judgment' on the merits under 28 U.S.C. § 2676. In any case, the claim is barred by the Customs exception of 28 U.S.C. § 2680(c)." *Id.* at 1438 n.17 (citation omitted).

In both of these instances, the government prevailed because the court did not have subject matter jurisdiction absent a waiver of sovereign immunity. Even though the decisions were not based upon adjudication of the factual merits of the claims, we held in *Gasho* that they triggered the FTCA judgment bar, such that the plaintiffs' similar claims against the individual employees were precluded.

*Pesnell I* rejected the misrepresentation claim brought by Pesnell against the government because 28 U.S.C. § 2680(h) specifically carves out misrepresentation from the FTCA's waiver of sovereign immunity. *See* 64 Fed. Appx. at 74 (stating that "[t]he FTCA specifically exempts claims for misrepresentation from its waiver of sovereign immunity" and citing *FDIC v. Craft*, 157 F.3d 697, 707 (9th Cir. 1998)). Just as *Gasho* read § 2676 as barring any additional actions against individual federal agents arising from the seizure of the

Gashos' plane, because § 2680(c)'s exemption for Customs detentions foreclosed any liability for this seizure, so *Pesnell I*'s ruling on § 2680(h) triggers application of the judgment bar against any further litigation targeting the individual agents as defendants based on the agents' alleged misrepresentations.

The judgment bar does not prevent Pesnell from bringing his current RICO claims based on different factual allegations. In particular, *Gasho* does not require that the judgment bar be applied to *Pesnell I*'s dismissals of his conversion claim, though it could be argued that the current lawsuit duplicates that factual assertion from the first lawsuit. With regard to Pesnell's claim for conversion, the dismissal stemmed from a failure to exhaust. 64 Fed. Appx. at 74. The failure to exhaust was not a permanent problem, such as the absolute non-existence of a waiver of sovereign immunity, but rather was a defect that could be cured. It reflected only a failure to conform to the conditions placed on an existent waiver of sovereign immunity. Although these dismissals and the one relating to misrepresentation all fall under the broad heading of "dismissals for lack of jurisdiction," there is a difference between them that is material. When Congress explicitly carves out an exception to its waiver of sovereign immunity, it is flatly rejecting liability. When Congress waives sovereign immunity but imposes exhaustion requirements, it is accepting possible liability and channeling the claims in a specific way. Rulings falling into the first category constitute judgments for § 2676, while rulings in the second category do not. That permits the judgment bar to serve the two purposes our case law has enunciated, preventing dual recoveries and duplicate lawsuits, *Gasho*, 39 F.3d at 1437; *Kreines v. United States*, 959 F.2d 834, 838 (9th Cir. 1992). At the same time it keeps § 2676 from being unduly harsh to plaintiffs bringing claims for harms that Congress has agreed, in principle, are cognizable.

Also exempt from the operation of the § 2676 judgment bar are claims denied in *Pesnell I* because the FTCA was silent

on the claim and no other waiver of sovereign immunity was adduced, not because the FTCA contained a specific waiver exception. The judgment bar relates only to a "judgment in an action under section 1346(b) of this title," 28 U.S.C. § 2676, and these claims did not constitute actions under 28 U.S.C. § 1346(b). Indeed, the claims did not fall under any statute. *See Pesnell I*, 64 Fed. Appx. at 74-75 (holding that Pesnell's equitable claims cannot fit under the Administrative Procedure Act's waiver and he had "not established an independent basis of federal jurisdiction," as well as noting that the FTCA did not contain a waiver for constitutional claims). That is why the claims to that effect filed against the government failed. But the text of § 2676 does not cover these other legal theories, outside § 1346(b), and thus the § 2676 judgment bar should not apply to similar claims filed against the individual agents.

With this elaboration, I join the majority opinion.