CLIFTON, Circuit Judge,
concurring:
I concur in the majority opinion. I add these comments to explain more fully why a portion of Plaintiff David Pesnell’s current claim is foreclosed by the judgment bar under 28 U.S.C. § 2676, as my colleagues agree (see majority opinion, at 1042), and how our decision follows consistently from our decision in Gasho v. United States, 39 F.3d 1420 (9th Cir.1994).
Pesnell’s first action, brought in the District of Arizona against the federal government, included a claim for misrepresentation. That claim, like the others, was dismissed for lack of jurisdiction, the court concluding that the federal government had not waived sovereign immunity. Our court affirmed that dismissal. Pesnell v. United States, 64 Fed.Appx. 73 (9th Cir.2003).
Pesnell’s current lawsuit does not include a separate cause of action for misrepresentation as such, but it repeats the misrepresentation allegations as part of claims under the federal RICO statute and its Arizona state counterpart. The First Amended Complaint explicitly identifies *1045 those same misrepresentations as being among the alleged predicate acts required to establish a pattern of racketeering activity under the RICO statute.
To the extent that Pesnell’s current action states claims against the federal agents based upon the same misrepresentations alleged in the first lawsuit, those claims are barred by 28 U.S.C. § 2676. That statute provides: “The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.” The statute does not limit the bar to identical legal theories or causes of action. As a result, since judgment was entered against Pesnell on his misrepresentation claim in the first action, he is permitted to pursue RICO claims in the current action only to the extent he can do so based on factual allegations separate from the misrepresentations complained about in the first lawsuit.
This result is consistent with our decision in Gasho, a complicated case in which our court considered the appeals of two separate actions filed by the same plaintiffs. 39 F.3d at 1425. The first action was an FTCA action against the federal government for false arrest and false imprisonment, intentional infliction of emotional distress, and abuse of process. Id. at 1427. The district court granted the government summary judgment as to most of the claims and dismissed one for failure to state a claim. Id. The plaintiffs then filed a Bivens action against individual federal employees, specifically Customs agents, claiming violation of Fourth and Fifth Amendment rights. Id. at 1425, 1427. The district court dismissed the Bivens action based upon the first lawsuit and the § 2676 judgment bar. Gasho, 39 F.3d at 1427. Both dismissals were appealed, and our court considered the two appeals together. Id. at 1425.
We affirmed the dismissals by the district court in part, but also reversed them in part, remanding some claims for further proceedings. Id. at 1439. Gas/maffirmed the dismissal of some of the Bivens claims asserted against the Customs agents pursuant to the § 2676 judgment bar, based upon the prior dismissals of similar claims against the government on the same ground that Pesnell I dismissed some of Pesnell’s claims against the government— that the court lacked jurisdiction over the particular claim because sovereign immunity had not been waived. In Gasho we applied § 2676 to bar related claims against the individual federal agents, in two separate rulings.
The first ruling related to the district court’s grant of summary judgment in favor of the government on the claim by the Gasho plaintiffs for intentional infliction of emotional distress. 39 F.3d at 1432. The Gasho court reviewed each factual basis for this claim separately. Id. at 1432-36. On the part of the claim arising from the seizure of the plaintiffs’ aircraft, Gasho held that “[t]he actions of the Customs agents, the seizure and detention of the aircraft, are precisely the kinds of acts that Congress exempted from liability in § 2680(c).” Id. at 1433. The Gasho court then held that this determination precluded the effort of the plaintiffs to pursue a similar claim against the individual federal employees, because of the FTCA judgment bar. Id. at 1438.
The second ruling involved Gasho’s resolution of the plaintiffs’ abuse of process claim. The district court had dismissed this claim under Fed.R.Civ.P. Rule 12(b)(6), ruling that the plaintiffs had failed to state a claim under Arizona tort law. Gasho, 39 F.3d at 1436. Instead of analyzing the relevant Arizona tort law, *1046 Gasho upheld the district court on the grounds that “[t]he tortious acts alleged by the Gashos involved detention of goods and merchandise by Customs and, therefore, the claim is barred under the FTCA’s exemption for Customs detentions contained in 28 U.S.C. § 2680(c).” Id. Gasho also gave this ruling preclusive effect, explicitly stating that the court “reject[s] the appellants’ argument that the dismissal of the abuse of process claim for failure to state a claim is not a ‘judgment’ on the merits under 28 U.S.C. § 2676. In any case, the claim is barred by the Customs exception of 28 U.S.C. § 2680(c).” Id. at 1438 n. 17 (citation omitted).
In both of these instances, the government prevailed because the court did not have subject matter jurisdiction absent a waiver of sovereign immunity. Even though the decisions were not based upon adjudication of the factual merits of the claims, we held in Gasho that they triggered the FTCA judgment bar, such that the plaintiffs’ similar claims against the individual employees were precluded.
Pesnell I rejected the misrepresentation claim brought by Pesnell against the government because 28 U.S.C. § 2680(h) specifically carves out misrepresentation from the FTCA’s waiver of sovereign immunity. See 64 Fed.Appx. at 74 (stating that “[t]he FTCA specifically exempts claims for misrepresentation from its waiver of sovereign immunity” and citing FDIC v. Craft, 157 F.3d 697, 707 (9th Cir.1998)). Just as Gasho read § 2676 as barring any additional actions against individual federal agents arising from the seizure of the Gas-hos’ plane, because § 2680(c)’s exemption for Customs detentions foreclosed any liability for this seizure, so Pesnell Ts ruling on § 2680(h) triggers application of the judgment bar against any further litigation targeting the individual agents as defendants based on the agents’ alleged misrepresentations.
The judgment bar does not prevent Pes-nell from bringing his current RICO claims based on different factual allegations. In particular, Gasho does not require that the judgment bar be applied to Pesnell Ts dismissals of his conversion claim, though it could be argued that the current lawsuit duplicates that factual assertion from the first lawsuit. With regard to Pesnell’s claim for conversion, the dismissal stemmed from a failure to exhaust. 64 Fed.Appx. at 74. The failure to exhaust was not a permanent problem, such as the absolute non-existence of a waiver of sovereign immunity, but rather was a defect that could be cured. It reflected only a failure to conform to the conditions placed on an existent waiver of sovereign immunity. Although these dismissals and the one relating to misrepresentation all fall under the broad heading of “dismissals for lack of jurisdiction,” there is a difference between them that is material. When Congress explicitly carves out an exception to its waiver of sovereign immunity, it is flatly rejecting liability. When Congress waives sovereign immunity but imposes exhaustion requirements, it is accepting possible liability and channeling the claims in a specific way. Rulings falling into the first category constitute judgments for § 2676, while rulings in the second category do not. That permits the judgment bar to serve the two purposes our case law has enunciated, preventing dual recoveries and duplicate lawsuits, Gasho, 39 F.3d at 1437; Kreines v. United States, 959 F.2d 834, 838 (9th Cir.1992). At the same time it keeps § 2676 from being unduly harsh to plaintiffs bringing claims for harms that Congress has agreed, in principle, are cognizable.
Also exempt from the operation of the § 2676 judgment bar are claims denied in Pesnell 1 because the FTCA was silent on the claim and no other waiver of sovereign immunity was adduced, not because the *1047 FTCA contained a specific waiver exception. The judgment bar relates only to a “judgment in an action under section 1346(b) of this title,” 28 U.S.C. § 2676, and these claims did not constitute actions under 28 U.S.C. § 1346(b). Indeed, the claims did not fall under any statute. See Pesnell I, 64 Fed.Appx. at 74-75 (holding that Pesnell’s equitable claims cannot fit under the Administrative Procedure Act’s waiver and he had “not established an independent basis of federal jurisdiction,” as well as noting that the FTCA did not contain a waiver for constitutional claims). That is why the claims to that effect filed against the government failed. But the text of § 2676 does not cover these other legal theories, outside § 1346(b), and thus the § 2676 judgment bar should not apply to similar claims filed against the individual agents.
With this elaboration, I join the majority opinion.